IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COREY SCHILDT and ASHLEY SCHILDT                    PLAINTIFFS

            v.              Civil No.2:16-CV-02218

CRAWFORD COUNTY SHERIFF'S                            DEFENDANTS
OFFICE, DEPUTY SHERIFF BRANSON
PULE, GOVERNOR ASA HUTCHINSON,
PARKVIEW ELEMENTARY, PRINCIPAL
WOODS, DR. KERRY SCHNEIDER,
DEBBIE PIPPEN, LISA JENSEN, MAYOR
BOB FREEMEN, ALMA PRIMARY
SCHOOL, OFFICER TERRY
HUTCHINSON, CITY OF VAN BUREN,
SEBASTIAN COUNTY DCPS

## ORDER

This is a civil rights action filed by the Plaintiffs pursuant to 42 U.S.C. § 1983. Plaintiffs proceed pro se, and have filed a motion for leave to proceed in forma pauperis (IFP).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

Plaintiffs filed their complaint on September 6, 2016. (Doc. 1). The complaint centers on an allegation of child abuse against Plaintiffs and action taken on that allegation by the State and other government agencies and officials. They make the following allegations against Defendants. The Crawford County Sheriff's Office and Deputy Sheriff Branson Rule "made a conflict of

1

interest" when they knew the family and did not file a police report.  (Doc. 1, p. 1).  Governor Asa Hutchinson denied a notarized Freedom of Information Act request.  (Doc. 1, p. 1).  Parkview elementary, Principal Woods, and Superintendent Kerry Schneider made false allegations and went to DCPS with "no evidence."  (Doc. 1, p. 1).  Debbie Pippen of Crawford County DCPS "approved attack against wife and husband repeatedly."  (Doc. 1, p. 1).  Lisa Jensen denied Ashley Schildt due process of law by filing with Hearing and Appeals, and the hearing was overdue.  (Doc. 1, p. 1).  Mayor Bob Freeman ignored them as constituents.  (Doc. 1, p. 1).  Alma primary school separated the Schildt children "for own agenda to protect teachers and violate publics [sic] right to know."  (Doc. 1, p. 2).  Officer Terry Hutchinson threatened Corey Schildt with charges then failed to do his job.  Officer Hutchinson further sat in on a school meeting without parental permission and refused to leave.  (Doc. 1, p. 2).  Plaintiffs list a number of Arkansas statutes as part of their complaint, presumably implying that they were violated by Defendants.  (Doc. 1, p. 4).

Plaintiffs did not indicate if they were proceeding against Defendants in their individual capacity, official capacity, or both.  Plaintiffs did not state what remedy they were seeking by filing this complaint.

## II.    ANALYSIS

A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).  Plaintiffs failed to allege any cognizable violations of any right, privilege or immunity guaranteed by the Constitution or federal law.

Plaintiffs did not identify their Freedom of Information Act (FOIA) claim as federal or state.  However, they directed their request to Arkansas Governor Asa Hutchinson.  This permits

an inference that the request is based on the Arkansas FOIA.  Further, the denial letter included as an exhibit clearly cites to a statutory exemption from the Arkansas FOIA as the reason for denial. (Doc. 1-9).  Violation of the Arkansas FOIA is not cognizable under § 1983.  *See Taylor v. Denniston*, 111 Fed. App'x 864 (8th Cir. 2004) (unpublished) (citing *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997); *see also*, *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992) ( Even "[a] bad-faith violation of state law remains only a violation of state law.").

Plaintiffs did not identify their claims as proceeding against Defendants in their official capacity, individual capacity, or both.  Therefore, Plaintiffs' complaint must be interpreted as proceeding against Defendants in their official capacity alone.  *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

3

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Here, Plaintiffs have not alleged any violation of the Constitution or federal law by the customs or policies of any governmental entity. Further, neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) ("a section 1983 suit cannot be brought against the State"). Therefore, to the extent Arkansas agencies have been named either directly or through official capacity claims, those claims fail as a matter of law.

Because Plaintiffs failed to allege any cognizable claims under § 1983, their Motion for IFP and Service (Doc. 2) is DENIED as moot.

For these reasons, IT IS ORDERED that Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 29th day of November, 2016.

/s/ P. K. Holmes, III

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

4