IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COREY SCHILDT and ASHLEY SCHILDT                                        PLAINTIFF

V.                     CASE NO. 2:16-cv-02218

CRAWFORD COUNTY SHERIFF'S
OFFICE, *et. al.*                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiffs pursuant to 42 U.S.C. § 1983. Plaintiffs proceed *pro se*. The case is before me by referral for a determination of whether *in forma pauperis* status should be granted on appeal. For the reasons stated below, it is my recommendation that the Motion for Leave to Appeal *in forma pauperis* (Doc. 7) be denied.

### I. Background

Plaintiffs filed their complaint on September 6, 2016. (Doc. 1) The complaint centered on an allegation of child abuse against Plaintiffs and action taken on that allegation by the State and other government agencies and officials. They made the following allegations against Defendants. The Crawford County Sheriff's Office and Deputy Sheriff Branson Rule "made a conflict of interest" when they knew the family and did not file a police report. (Doc. 1, p. 1) Governor Asa Hutchinson denied a notarized Freedom of Information Act request. (Doc. 1, p. 1) Parkview elementary, Principal Woods, and Superintendent Kerry Schneider made false allegations and went to DCPS with "no evidence." (Doc. 1, p. 1) Debbie Pippen of Crawford County DCPS "approved attack against wife and husband repeatedly." (Doc. 1, p. 1) Lisa Jensen denied Ashley Schildt due process of law by filing with Hearing and Appeals, and the hearing was overdue. (Doc. 1, p. 1)

Mayor Bob Freeman ignored them as constituents. (Doc. 1, p. 1) Alma primary school separated the Schildt children "for own agenda to protect teachers and violate publics [sic] right to know." (Doc. 1, p. 2) Officer Terry Hutchinson threatened Corey Schildt with charges, then failed to do his job. Officer Hutchinson further sat in on a school meeting without parental permission and refused to leave. (Doc. 1, p. 2) Plaintiffs list a number of Arkansas statutes as part of their complaint, presumably implying that they were violated by Defendants. (Doc. 1, p. 4)

Plaintiffs did not indicate if they were proceeding against Defendants in their individual capacity, official capacity, or both. Plaintiffs did not state what remedy they were seeking by filing this complaint.

On November 29, 2016, the Court entered an Order dismissing Plaintiffs' case at the initial screening stage pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4)

As reason for their appeal, Plaintiffs state they were not able to find an attorney willing to represent them for the case.[1] (Doc. 6)

## II. Discussion

28 U.S.C. § 1915 governs applications for leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

---

[1] The statement "I, Corey Schildt and Ashley Schildt are going to appeal because of no willing representation for civil action #16-2218 on Dec. 16, 2016" is interpreted as above.

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000)(internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provide that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

For the reasons set forth in the Court's Order entered on November 29, 2016 (Doc. 4), Plaintiffs' Complaint was dismissed for failure to state a cognizable claim, and the IFP Motion was denied as moot. Plaintiffs' Notice of Appeal merely states the Plaintiffs were unable to find legal representation, and it adds nothing to the legal analysis.

Contrary to the requirements of § 1915(a)(1), Plaintiffs fail to state any specific facts in support of their appeal; they do not state the specific nature of the appeal; and, they do not state any

belief that they are entitled to redress. They have not cited any legal authority pertinent to § 1983 to support their allegations. Vague and conclusory allegations are frivolous on their face, and leave to proceed in forma pauperis has been properly denied in such circumstances. *See, e.g., Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Meadows v. Gibson*, 855 F.Supp. 223 (W.D.Tenn. 1994) (frivolousness of complaint precluded appeal in forma pauperis); *Price v. McFarland*, 133 Fed.Appx. 485 (10th Cir. 2005) (unpublished) (denial of leave to proceed on appeal in forma pauperis where plaintiffs made sweeping generalizations to describe their claims and they failed to set forth any specific, non-conclusory arguments explaining why the district court's rulings were erroneous).

Where, as here, the application for leave to appeal in forma pauperis fails to state the nature of the action, is not notarized, and fails to state the affiants' belief that they are entitled to redress, the application is facially deficient. *See Schweitzer v. Scott*, 469 F.Supp. 1017, 1018-19 (C.D. Cal. 1979). Plaintiffs are, of course, proceeding *pro se*, and the Court does not hold them to the rigid standards applied to attorneys, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); but, even broadly read, Plaintiffs' motion for leave to appeal *in forma pauperis* does not comply with the requirements of 28 U.S.C. § 1915.

### III. Conclusion

Accordingly, the undersigned recommends that Plaintiffs' Motion for Leave to Appeal *in forma pauperis* (Doc. 7) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of December 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE